## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:10-cr-00006-TWP-VTW-5 |
| | ) | |
| ANTOINE C. ALLEN also known as TONE, | ) | |
| | ) | |
| Defendant. | ) | |

### ENTRY DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT

This matter is before the Court on Defendant Antoine C. Allen's ("Allen") Motion to Dismiss the Indictment (Filing No. 1139). Allen argues that his speedy trial right has been violated by the over four-year delay since the filing of the Indictment. He asserts that the delay was due to prosecutorial neglect and is prejudicial to his defense. Oral argument was made on September 9, 2015. The Government filed a supplemental response in opposition on September 30, 2015 (Filing No. 1150), and Allen filed a reply on October 8, 2015 (Filing No. 1151). The Court now issues its findings of fact, conclusions of law, and ruling.

## I. FINDINGS OF FACT

On September 14, 2010 Allen was indicted by a federal grand jury, along with 20 other co-defendants, for conspiracy to possess with intent to distribute and to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine in violation of Title 21 U.S.C.§§ 841(a)(1) and 846. (Filing No. 3.) The Indictment was unsealed and served on Allen on that same date. Thereafter, the Government filed a Superseding Indictment on December 14, 2010. (Filing No. 358.) Allen was not brought before this Court until February 4, 2014 when he appeared

for his initial hearing, was appointed counsel, and advised of his rights.  To resolve Allen's motion to dismiss the Indictment, the full procedural history of this case is instructive.

Allen was sentenced to three years imprisonment and one year in the Clark County Work Release ("Work Release") program for Robbery under Case No. 10D01-0808-FB-000172.  On March 22, 2010, an arrest warrant was issued for Allen in Clark County, Indiana for Escape and Failure to Return to Lawful Detention under Case No.10D01-0808-FB-000066.  While on escape status from Work Release, Allen committed a robbery in Jefferson County, Kentucky and on July 21, 2010, he was indicted for Robbery in Kentucky under Case No. 0-CR-2164-01.  Allen allegedly committed an assault in Jefferson County, Kentucky and on August 16, 2010, he was arrested and detained in the Jefferson County, Kentucky jail ("Jefferson County Jail") for the robbery charge. On April 14, 2011, Allen was indicted under Case No. 11-CR-1194 for the alleged assault which occurred in Jefferson County, Kentucky.  A warrant was issued for Allen's arrest and he remained in the Jefferson County Jail until May 2012.

While these state offenses were occurring, Allen was being investigated as an essential part of a drug trafficking conspiracy in the Southern District of Indiana.  This investigation led to a federal indictment on September 14, 2010, which was superseded on December 14, 2010.  Allen was served both Indictments while he was in the Jefferson County Jail.  On September 9, 2011, a detainer was placed on Allen at the Jefferson County Jail by the United States Marshal Service.

On February 29, 2012, Allen was sentenced to five years imprisonment for Robbery in Jefferson County, Kentucky.  On March 1, 2012, he was sentenced to five years imprisonment for Assault in the same county.

After his sentencing hearings, Allen filed an interstate detainer to appear in Clark County, Indiana on his arrest warrants.  On May 14, 2012, Allen appeared for his initial hearing in Clark County, Indiana on the escape charge.

On January 24, 2013, the Government issued the writ of habeas corpus ad prosequendum on Allen while he was in jail in Clark County, Indiana.  However, the Government was informed that Allen was on an interstate detainer and had to be sent back to Daviess County Detention Center, a facility within the Kentucky Department of Corrections, before Allen could be brought to federal court.

On October 25, 2013, the Government filed a motion for a second writ of habeas corpus ad prosequendum, to correspond with Allen's scheduled return to Kentucky following sentencing. However, Allen's sentencing in Indiana was delayed over three months, resulting in the motion being denied as moot.

On January 28, 2014, Allen was sentenced for Failure to Return to Lawful Detention in Indiana.  On January 29, 2014, the Government filed a third motion for writ of habeas corpus ad prosequendum, which was issued on Allen on January 30, 2014 in the Daviess County Detention Center.

As stated earlier, Allen appeared for his initial hearing in the instant case on February 4, 2014, and was appointed counsel.  This Court scheduled the matter for jury trial to begin on April 7, 2014.  (Filing No. 1107.)  On March 5, 2014, July 19, 2014, December 11, 2014, March 10, 2015, and July 16, 2015, Allen filed motions to continue the trial date.  In each of the continuance motions, counsel confirmed that he had discussed with Allen his right to a speedy trial and that Allen waived any objection to the delay resulting caused by the continuance and he believed the

ends of justice would be served by the granting the continuances.  *See* Filing Nox. 1113, 1119, 1121, 1128 and 1140.  On July 16, 2015, Allen also filed the instant motion to dismiss.

## II.  CONCLUSIONS OF LAW

The Sixth Amendment to the Constitution provides that "in all criminal prosecutions, the accused shall enjoy the right to a speedy…trial."  The Sixth Amendment right to a speedy trial attaches when a "defendant is indicted, arrested, or otherwise officially accused," *United States v. Deleon*, 710 F.2d 1218, 1220 (7th Cir. 1983), citing *United States v. MacDonald*, 456 U.S. 1, 6 (1982).

Allen asserts that the forty months that have passed since the filing of the Indictment in this case has violated his Sixth Amendment right to a speedy trial and prejudiced his defense.  The Supreme Court has established a four-part balancing test to determine whether a defendant's constitutional right to a speedy trial has been violated.  *See Barker v. Wingo*, 407 U.S. 514 (1972); *United States v. Deleon*, 710 F.2d 1218, 1220 (7th Cir. 1983).  The Government concedes that the forty month delay is enough to trigger inquiry into the factors set forth in *Barker*.  The four factors are the length of the delay, the reasons for the delay, the nature of the defendant's assertion of his right to a speedy trial, and the prejudice caused to the defendant as a result of the delay.  *Barker*, 407 U.S. at 530-33; *United States v. Westmoreland*, 712 F.3d 1066, 1076-77 (7th Cir. 2013); *United States v. Deleon*, 710 F.2d 1218, 1220 (7th Cir. 1983).  This inquiry is "circumstance-specific" and there is no predetermined formula for how much weight should be afforded to each factor.  *Williams v. Bartow*, 481 F.3d 492, 505 (7th Cir. 2007); *United States v. Blake*, 817 F. Supp. 2d 1082, 1084 (N.D. Ind. 2011).

The first factor, the length of the delay, "is not so much a factor as a threshold requirement." *United States v. Loera*, 565 F.3d 406, 412 (7th Cir. 2009).  Because the Sixth Amendment attaches

4

when a "defendant is indicted, arrested, or otherwise officially accused," the length of the delay in this instance is measured from the time the Indictment was filed, which occurred over four years ago, on September 14, 2010. *United States v. MacDonald*, 456 U.S. 1, 6 (1982). Any delay beyond a year is considered presumptively prejudicial, triggering inquiry into the other *Barker* factors. *Westmoreland*, 712 F.3d at 1077; *United States v. Oriedo*, 498 F.3d 593, 597 (7th Cir. 2007). The length of delay in this case far exceeds a year; and, therefore, this factor weighs in Allen's favor and an analysis of the remaining *Barker* factors is required.

The second factor, the reason for the delay, is usually dispositive to the analysis. *See Blake*, 817 F. Supp. 2d at 1084. The Government, under the Sixth Amendment, has a constitutional duty to make a diligent good faith effort to locate and apprehend a defendant and bring the defendant to trial. *Deleon*, 710 F.2d at 1221. However, while the right to a speedy trial is constitutional, the defendant is considered to have waived the right when a delay is chargeable to him. *Blake*, 817 F. Supp. 2d at 1084-85.

Ordinarily, a trial must commence within seventy days from the filing date of the indictment or information, or from the date the defendant appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1). However, the Speedy Trial Act also contains certain exclusions from the computation of time. 18 U.S.C. § 3161(h). For instance, 18 U.S. C. § 3161(h)(1)(B) excludes from the seventy-day period "delay resulting from trial with respect to other charges against the defendant".

This includes time spent resolving overlapping criminal proceedings in state court. *United States v. Richardson*, 780 F.3d 812, 816-18 (7th Cir. 2015); *United States v. Nesbitt*, 852 F.2d 1502, 1513-14 (7th Cir. 1988), *abrogated on other grounds by United States v. Durrive*, 902 F.2d 1221 (7th Cir. 1990) (holding that the trial court properly excluded from the speedy trial

calculations all time periods when the defendant was unavailable in federal court due to an overlapping state court proceeding); *United States v. Oliver*, 523 F.2d 253, 259 (2nd Cir. 1975) (excluding time under a Second Circuit speedy trial rule, when a defendant was unavailable for federal prosecution because of an overlapping state proceeding and the government made reasonable, though unsuccessful, efforts to secure the defendant's presence for federal trial).

*See also United States v. Montoya*, 827 F.2d 143, 149 (7th Cir. 1987) (holding that it is permissible to exclude from the speedy trial calculation any time spent resolving an overlapping federal charge in another state, including any preparations for trial); *United States v. Rivera*, 2:06-CR-133, 2007 WL 2257649, *3 (N.D. Ind. Aug. 2, 2007) (noting that it is permissible to exclude from the speedy trial calculation any time spent resolving an overlapping federal charge in another state); *Blake*, 817 F. Supp. 2d at 1085-88 (excluding from the speedy trial calculations all time periods when the defendant was unavailable in federal court due to an overlapping international criminal proceeding because the defendant's arrest and conviction in the foreign jurisdiction were "completely attributable" to the defendant); *Deleon*, 710 F.2d at 1221-22 (finding that the government was not responsible for the delay in bringing defendant to trial, 44 months after the arrest warrant was issued, when the defendant was a fugitive for most of that time and, despite repeated, good-faith efforts, the government was not able to easily locate the defendant). *But see United States v. Luedeke*, 06-CR-099-JD, 2006 WL 2040132, *3-5 (D. N.H. July 20, 2006) (collecting cases and concluding that time spent in relation to a state proceeding was not excludable under a speedy trial calculation).

Allen argues that the Government knew where he was at all times since the filing of the federal indictment and impermissibly delayed prosecuting this case. At the hearing and in response to Allen's motion, the Government repeatedly asserts that its delay in bringing Allen to federal

6

court was attributable to the multiple pending state court proceedings in both Kentucky and Indiana. The Government also argues that the delay was entirely the result of Allen's criminal malfeasance and the related interstate detainers, and was not attributable to the Government's intentional prosecutorial delay. The record is replete with attempts by the Government to bring Allen into federal custody. The Government asserts that its efforts were thwarted because it had to comply with the Interstate Agreement on Detainer Act and the Indiana Code Agreement on Detainers. *See* Pub.L. No. 91-538, 84 Stat. 1397 (1970) and I.C. § 35-33-10-4. In this regard, the Government notes that it issued the writ of habeas corpus ad prosequendum two days after all of Allen's state court proceedings were resolved, and that Allen made his initial appearance in this case just five days later.

Absent a showing that the Government intentionally delayed prosecuting this case to prejudice Allen's defense, something that even Allen does not allege, this Court concludes that the time spent waiting for the state court cases to resolve is excludable under the speedy trial calculation. Indeed, the Seventh Circuit recently discussed this issue at length and came to a similar conclusion.

> When a person is credibly accused of violating both federal and state law, he exposes himself to prosecution by both federal and state authorities-and thus to two separate proceedings, which rarely can efficiently be conducted simultaneously…. [W]hen state and federal charges are lodged against a defendant at least one sovereign will have to wait its turn at the prosecutorial turnstile. For delay that is due to the obvious need to allow the defendant to be prosecuted by the State without interference by the federal government is unavoidable. Customarily-although certainly not always-the jurisdiction with custody of the accused is afforded the first opportunity to prosecute the defendant. This longstanding practice is rooted in the respect accorded to a custodial sovereign to resolve its criminal proceedings before relinquishing custody to another jurisdiction. This practice also can be understood in terms of the orderly and efficient prosecution of cases in our dual system of criminal justice. Simply waiting for another sovereign to finish prosecuting a defendant is without question a valid reason for delay that weighs in favor of the government.

*Richardson*, 780 F.3d at 816 (quoting *United States v. Schreane*, 331 F.3d 548, 554-55 (6th Cir. 2003) (internal quotations and punctuation omitted). Accordingly, the second *Barker* factor does not weigh in Allen's favor.

The third factor is the nature of the defendant's assertion of his right to a speedy trial. Allen does not and cannot show that he asserted his right to a speedy trial at any point prior to or after being taken into federal custody. Allen says that the Indictment was unsealed and served on him in September 2010, and that he was served with the Superseding Indictment in December 2010. (Filing No. 1139 at 1-2.) Allen was taken into federal custody in February 2014, and then moved to continue his trial date five times, and at no time did he assert his Sixth Amendment right to a speedy trial. "[F]ailure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Barker* 407 U.S. at 532; see *Oriedo*, 498 F.3d at 601 (finding that this factor weighed against defendant who did not "unambiguously or consistently assert his right to a speedy trial"). Given Allen's silence and then numerous requests for continuances, the Court finds it difficult to conclude that Allen has asserted his speedy trial rights. Therefore, this factor also does not weigh in Allen's favor.

The fourth and final factor is prejudice to the defendant because of the delay.

> The Sixth Amendment right to a speedy trial is . . . not primarily intended to prevent prejudice to the defense caused by passage of time; that interest is protected primarily by the Due Process Clause and by statutes of limitations. The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges.

*MacDonald*, 456 U.S. at 8. Prejudice to the defendant, therefore, must be evaluated based on the interests the speedy trial right is designed to protect, namely: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility

that the defense will be impaired. *Barker*, 407 U.S. at 532; *Westmoreland*, 712 F.3d at 1077; *Oriedo*, 498 F.3d at 600; *Deleon*, 710 F.2d at 1222.

In regard to the first area of interest, to prevent oppressive pretrial incarceration, Allen has been incarcerated over the past four years in state court on three different state charges. As a result, he cannot be said to have suffered "oppressive pretrial incarceration" on the federal charges, as he would have been incarcerated regardless of the delay in his federal case.

In regard to the second area of interest, anxiety and concern of the accused, the same analysis applies. Any additional anxiety Allen may have suffered while waiting for his federal trial to commence, was attributable to his own criminal malfeasance and the resulting state proceedings, which are responsible for delaying the federal prosecution.

Finally, in regard to the third area of interest, to limit the possibility that the defense will be impaired, Allen's defense cannot be considered fundamentally impaired. Allen does not argue that his defense has been impaired, rather he argues that because of the delay, he lost the ability to negotiate a more lenient sentence on his federal charge and will likely incur more criminal history points at sentencing because of the additional state court convictions. However, these arguments are unavailing, as the Seventh Circuit has made clear, that the Government is not obligated to "save the Defendant from himself". *United States v. Spears*, 159 F.3d 1081, 1086 (7th Cir. 1998) (holding that the government's delay in indicting a defendant, indirectly resulting in the defendant receiving more criminal history points at sentencing, was prejudice attributable to the defendant's criminal conduct rather than to the government). The Government argues that Allen "has been offered a cooperating plea agreement based upon his egregious criminal history and his involvement in drug trafficking." (Filing No. 1142 at 8.) Further, as the Government points out, if convicted, Allen will have an opportunity to argue that his criminal history is over-represented

under the advisory United States Sentencing guidelines, should it reach that stage. The Court finds no actual or presumptive prejudice resulting from the delay. Accordingly, this factor also does not weigh in Allen's favor.

Having considered all of the factors, the Court finds that Allen has failed to establish a violation of his Sixth Amendment speedy trial right, therefore, his motion to dismiss the Indictment is denied.

## III. CONCLUSION

For the aforementioned reasons, this Court **DENIES** the motion to dismiss the Indictment (Filing No. 1139).

**SO ORDERED.**

Date: 10/14/2015

DISTRIBUTION:

Richard Mark Inman
ATTORNEY AT LAW
markinman13@aol.com

Josh J. Minkler
OFFICE OF THE UNITED STATES ATTORNEY
josh.minkler@usdoj.gov

Lauren M. Wheatley
OFFICE OF THE UNITED STATES ATTORNEY - Evansville
lauren.wheatley@usdoj.gov

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana